**Xiu Yu LIN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales,[1] Respondent.**

No. 04–1266–AG.

United States Court of Appeals, Second Circuit.

Jan. 31, 2006.

Yee Ling Poon, New York, New York, for Petitioner.

Christopher J. Christie, United States Attorney for the District of New Jersey, Susan Steele, Assistant United States Attorneys, Newark, New York, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. CHESTER J. STRAUB, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Xiu Yu Lin, through counsel, petitions for review of the BIA decision affirming an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2004).

We conclude that substantial evidence supported the IJ's adverse credibility determination. The IJ found Lin's credibility to be significantly undermined by: (1) the inconsistencies contained in her own testimony; (2) the inconsistencies between Lin's husband's testimony at his asylum hearing in 1995, his testimony at Lin's asylum hearing, and Lin's own testimony, particularly with respect to the circumstances surrounding the traumatic incident purportedly occurring in September 1992, when the cadres visited Lin's home to enforce an allegedly involuntary sterilization; and (3) Lin's failure to offer reasonably expected corroboration as to her persecution claims. When an IJ's adverse credibility finding is based on "specific examples in the record of inconsistent statements by the asylum applicant about matters material to his claim of persecution, or on ... inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Id.* at 74 (internal quotation marks and citation omitted).

Because the IJ properly found Lin's testimony incredible, the IJ properly denied both asylum and withholding of removal. Lin argues that, nonetheless, she estab-

lished eligibility for CAT relief. To be sure, an adverse credibility determination in the asylum context is not necessarily fatal to a CAT claim. *See Ramsameachire*, 357 F.3d at 185; *cf. Jin Chen v. USDOJ*, 426 F.3d 104 (2d Cir.2005); *Xue Hong Yang v. USDOJ*, 426 F.3d 520 (2d Cir.2005). Because Lin failed to raise this claim before the BIA, however, we do not have jurisdiction to address it. *See* 8 U.S.C. § 1252(d)(1); *Foster v. INS*, 376 F.3d 75, 78 (2d Cir.2004); *cf. Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005).

We have reviewed Lin's remaining arguments and they are without merit. For these reasons, the petition for review is DENIED. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED.